UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SAMBO MOEUN,<br><br>                  Petitioner,<br><br>     v.<br><br>JEFFREY UTTECHT,<br><br>                  Respondent. | Case No. 2:18-CV-653-JCC-BAT<br><br>**REPORT AND RECOMMENDATION** |

On May 3, 2018, state prisoner Sambo Moeun submitted a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2005 King County Superior Court conviction by jury verdict of murder in the first degree. *See* Dkt. 1.

Under Habeas Rule 4, the Court should dismiss a habeas petition if it plainly appears from the petition and attached exhibits the petitioner is not entitled to relief. The Court has reviewed the habeas petition and concludes it is barred by the federal statute of limitations, and that no amendment would cure this barrier. Additionally, even if the habeas petition was timely filed, it should be dismissed because it fails to raise a claim upon which habeas relief may be granted. Accordingly, for the reasons below, the Court recommends the habeas petition be denied and the case dismissed with prejudice. The Court also recommends a certificate of appealability not be issued.

REPORT AND RECOMMENDATION - 1

# BACKGROUND

**A.  State Court Procedural History**

Mr. Moeun was convicted of First Degree Murder in King County Superior Court and sentenced on June 7, 2005. Dkt. 1. Mr. Moeun sought direct review in the Washington Court of Appeals. The Court of Appeals affirmed Mr. Moeun's conviction and sentence on January 16, 2007. *State v. Saly and Moeun*, 136 Wn.App. 1042 (2007). The Washington Supreme Court denied review on February 5, 2008. *State v. Saly and Moeun*, 162 Wn.2d. 1017 (2008). In 2017, Mr. Moeun filed a personal restraint petition (PRP) challenging the sentence imposed in his murder conviction. *See* Dkt. 1, attachment. On April 4, 2018, the Washington Supreme Court denied review. The Court found the PRP was barred by statute of limitations because Mr. Moeun filed the PRP more than one year after his judgment became final in 2008. *Id*.

**B.  Federal Habeas Claim**

Mr. Moeun presents one ground for relief. He alleges:

> The Apprendi exception for prior convictions does not extend to juvenile adjudications. The trial court calculated Moeun's offender score as 6, based on 4 juvenile adjudications that are afforded to Adult convictions. Based on Moeun's offender score of 6 his standard range is 351-448 months. But his offender score should have been 2 with a standard range of 261-347 months.

Dkt. 1.

# DISCUSSION

Mr. Moeun's habeas petition was filed more than eight years after his judgment was final. It is thus barred by the federal habeas statute of limitations. The Court has considered whether there is an exception to the statute of limitations which applies here. The Court concludes no exception applies. In his petition, Mr. Moeun claims the trial judge erred in calculating his offender score and standard sentencing range. This is not a claim based upon newly discovered

REPORT AND RECOMMENDATION - 2

evidence or new United States Supreme Court law made applicable to cases on collateral review. Rather the claim is based upon alleged sentencing error and is thus a claim that Mr. Moen knew about, or should have known about when he was sentenced in 2008. Moreover, the United States Supreme Court has not held the *"Apprendi"* exception claim that Mr. Moen raises is applicable to state judgments. Thus the state sentencing error alleged is not contrary to or an unreasonable application of clearly established Supreme Court law, and is not a basis for federal habeas relief.

**A.     The Federal Statute of Limitations, 28 U.S.C. § 2244(d)**

Federal habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A), "[t]he limitation period shall run from . . . the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." Additionally, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added).

For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the judgment becomes final either upon the expiration of the time for filing a petition for writ of certiorari with the Supreme Court, or when the Court rules on a timely filed petition for certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review or the direct review process terminates prior to reaching the state's highest court, however, the judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012); *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the

REPORT AND RECOMMENDATION - 3

state supreme court, the direct review process concludes upon expiration of time for seeking review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S. Ct. at 653-54.

Mr. Moeun appealed from his judgment and sentence to the Washington Court of Appeals. The Washington Supreme Court denied review on February 5, 2008. Generally, a conviction becomes "final" when the 90-day period for filing a petition for *certiorari* to the Supreme Court expires. *See United States v. Garcia*, 210 F.3d 1058, 1060 (9th Cir. 2000). Thus, Mr. Moen's judgment became final for purposes of calculating the habeas statute of limitations on May 5, 2008.

The statute of limitations accordingly started to run on May 5, 2008, and ran for at least eight years until Mr. Moeun filed a PRP. As the Washington Supreme Court noted in denying review of the PRP, the PRP was already many years beyond the state one-year statute of limitations by the time it was filed. Accordingly, Mr. Moeun's federal habeas petition, which was filed on May 5, 2018, is untimely and should be dismissed.

**B.     Equitable Tolling**

Although Mr. Moen's federal habeas petition is untimely, the Court has considered whether there are equitable grounds to toll the statute of limitations. The federal statute of limitations may be equitably tolled if the petitioner shows "'(1) he has been pursuing his rights diligently, and (2) some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010). A simple "miscalculation" of the statutory deadline is not a sufficient basis for demonstrating equitable tolling. *Id*. at 2564. To obtain equitable tolling, extraordinary circumstances beyond a petitioner's control must have prevented the petitioner from filing a federal petition on time. *Whalem/Hunt v. Early*, 233 F.3d

REPORT AND RECOMMENDATION - 4

1146, 1148 (9th Cir. 2000) (en banc); *Gaston v. Palmer*, 387 F.3d 1004, 1008 (9th Cir. 2004); *Laws v. Lamarque*, 351 F.3d 919, 923-24 (9th Cir. 2003).

Equitable tolling is appropriate only where external forces, rather than the petitioner's lack of diligence, account for the failure to file a timely petition. *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). The threshold necessary to obtain equitable tolling is thus very high, and the petitioner bears a heavy burden to obtain tolling. *Miranda v. Castro*, 292 F.3d 1063, 1065-66 (9th Cir. 2002).

Here, Mr. Moen knew since February 2008 that the Washington Supreme Court had denied review of the Court of Appeals decision affirming his conviction and sentence on direct review. The federal habeas claim he presents to this Court is a sentencing error claim. The record thus shows Mr. Moen knew about or should have known about the factual and legal grounds for his claims and could have filed a federal habeas corpus petition within the federal statute of limitations but did not. Although Mr. Moen may have miscalculated the deadlines for expiration of the statute of limitations, such miscalculations is not a basis for equitable tolling.

In sum, because Mr. Moen filed his federal habeas petition outside of the § 2254 statute of limitations period and is not entitled to equitable tolling of the limitations period, his petition is time-barred and should be dismissed under 28 U.S.C. § 2244(d)(1).

**C.      The "Apprendi Exception" Claim is not a Basis for Habeas Relief**

Even if the habeas petition is deemed timely, it should be dismissed because it fails to assert a claim upon which habeas relief may be granted. The United States Supreme Court has held "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000). In the context of a federal

REPORT AND RECOMMENDATION - 5

criminal prosecution, the Ninth Circuit has held that nonjury juvenile adjudications do not fall within the "prior conviction" exception to *Apprendi*. *United States v. Tighe*, 266 F.3d 1187, 1195 (9th Cir. 2001). The Ninth Circuit concluded in *Tighe* that prior juvenile proceedings lacking certain procedural safeguards (such as trial by jury and the requirement that guilt be established by proof beyond a reasonable doubt) cannot be used to increase a sentence past the statutory maximum under *Apprendi. Id*. at 1193-95; *Boyd v. Newland*, 467 F.3d 1139, 1151 (9th Cir. 2006).

However, for purposes of federal habeas review, the Ninth Circuit has expressly rejected a Sixth Amendment challenge to a state sentencing enhancement based on a prior nonjury juvenile adjudication. *Boyd*, 467 F.3d at 1152. In *Boyd*, the Ninth Circuit noted both California state courts and other federal circuit courts of appeals have disagreed with the holding in *Tighe* and that the United States Supreme Court has not resolved this split in authority. *Id*. (citing California appellate precedent and cases from the Third, Eighth, and Eleventh Circuits). Consequently, the Ninth Circuit concluded *Tighe* does not represent "clearly established federal law 'as determined by the Supreme Court of the United States'" and thus does not provide a basis for federal habeas relief. *Id*. (quoting 28 U.S.C. § 2254(d)(1)); *see also John-Charles v. California*, 646 F.3d 1243, 1252 (9th Cir. 2011) ("We have already determined that our holding in *Tighe* is not clearly established Federal law for AEDPA purposes.").

Absent "clearly established Federal law" supporting Mr. Moeun's claim, this Court cannot find the state courts' denial to be an "unreasonable application" of United States Supreme Court precedent. Additionally, under *Boyd*, the Court finds the state court's rejection of Mr. Moen's sentencing error claim was not "contrary to" or an "unreasonable application" of clearly

REPORT AND RECOMMENDATION - 6

established federal law. *See* 28 U.S.C. § 2254(d)(1). Accordingly, habeas relief is not warranted on Petitioner's sentencing error claim.

### C. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability (COA) from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Under this standard, this Court concludes that Mr. Moeun is not entitled to a certificate of appealability in this matter.

### CONCLUSION

For the foregoing reasons, this Court recommends Mr. Moeun's federal habeas petition be dismissed with prejudice pursuant to 28 U.S.C. § 2244(d)(1).[1] The Court further recommends that a certificate of appealability be denied. A proposed order and judgment accompany this Report and Recommendation.

### OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

---

[1] The Court also notes Mr. Moeun has not paid the filing fee or applied to proceed in forma pauperis despite being advised his case is subject to dismissal.

REPORT AND RECOMMENDATION - 7

1   If petitioner objects to this report and recommendation, he must file his objection by **June 21, 2018.** The Clerk should note the matter for **June 22, 2018**, as ready for the District Judge's consideration. Objections shall not exceed 8 pages. The failure to timely object may affect the right to appeal.

DATED this 7th day of June 2018.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8